

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-20-00069-CV

**IN RE** Devry Marie **SAENZ**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Rebeca C. Martinez, Justice
               Luz Elena D. Chapa, Justice
               Beth Watkins, Justice

Delivered and Filed: March 4, 2020

PETITION FOR WRIT OF MANDAMUS DENIED

On January 31, 2020, relator filed a petition for writ of mandamus complaining of an order in which she was held in contempt and ordered confined in the Kendall County jail.[2] Relator also filed a motion for temporary relief asking this court to vacate or stay the trial court's order of commitment or set a bond on such commitment in a reasonable amount. On January 31, 2020, this court granted the motion for temporary relief and ordered relator released from confinement on a cash bond pending final resolution of relator's petition. The real party in interest filed a

---

[1] This proceeding arises out of Cause No. 17-538, styled *In the Marriage of Devry Marie Saenz and Matthew Joseph Springer, and In the Interest of L.V.S., P.M.S., and P.M.S., Children*, pending in the 451st Judicial District Court, Kendall County, Texas, the Honorable Solomon Casseb, III presiding.

[2] "Contempt orders may be reviewed by an application for a writ of habeas corpus if the contemnor's liberty has been restrained, or by a petition for a writ of mandamus if the contemnor has not been confined or otherwise had [her] liberty restrained." *In the Int. of N.J.L.*, 04-19-00532-CV, 2019 WL 4647710, at *1 (Tex. App.—San Antonio Sept. 25, 2019, no pet.) (per curiam) (mem. op.). Because relator is subject to confinement, we treat relator's "petition for writ of mandamus" as an "application for a writ of habeas corpus."

response to the petition for writ of mandamus. After considering the petition, the response, and the record, this court concludes relator is not entitled to the relief sought. Accordingly, we deny the petition for writ of mandamus, revoke relator's bond, and order her remanded to the custody of the Sheriff of Kendall County. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM